Hal T. Stoy and John C. Frazure, *Composing the Firm of and Trading As Stoy & Frazure, Plaintiff in Error*, v. R. H. Berg, *Defendant in Error*.

Division B.

Opinion filed December 22, 1928.

Petition for rehearing denied January 15, 1929.

*Price, Price, Kehoe & Kassewitz*, for Plaintiff in Error;

*Collins & Collins*, for Defendant in Error.

Terrell, J.—This is an action to recover a commission for selling real estate. The declaration was in eight counts, two to six inclusive being the common counts and seven and eight being the special counts. A demurrer to the declaration was overruled and a trial resulted in a verdict and judgment for the plaintiff in the sum of Three Thousand Seven Hundred Fifty ($3,750.00) Dollars and cost. Writ of error was taken to that judgment.

It is contended here that both the common and the special counts in the declaration are defective, that the evidence is insufficient to show a contract to sell and that the trial court erred in certain charges to the jury.

We have examined the record and we think it discloses that there was a contract between the plaintiff and defend-

ant for the sale of real estate in question, the terms of which were expressed in the telegram of July 22, 1925, the same being exhibit "J" of the declaration, as follows:

1925 JUL 22 PM 12   09

JNC313 84

SANFORD FLO 22 1141a

STOY AND FRAZURE 707

MIAMI FLO

REPLYING YOUR WIRE TWENTY SECOND WILL REQUIRE FIVE THOUSAND DOLLAR BINDER STOP PURCHASER TO TAKE SUBJECT TO FIFTEEN THOUSAND DOLLAR MORTGAGE STOP ADDITIONAL TWENTY THOUSAND DOLLARS CASH ON DELIVERY STOP BALANCE MY EQUITY MUST BE PAID OVER A PERIOD OF TWO YEARS FOUR EQUAL SEMI ANNUAL PAYMENTS INTEREST EIGHT PERCENT STOP WILL ONLY ALLOW FIFTEEN DAYS TO CLOSE DEAL STOP THIS PROPERTY HAS BEEN SOLD TWICE AT THIS PRICE AND FIRST FIVE THOUSAND DOLLAR BINDER TO REACH ME SUBJECT TO THESE TERMS GETS PROPERTY

R H BERG

The contract for sale was therefore not an exclusive but a qualified one, the plaintiff below, defendant in error here, being put on notice that the "first five thousand dollar binder to reach me subject to these terms gets property." It is true that on the same date as the foregoing telegram plaintiff wired defendant that the terms thereof were accepted and that check for five thousand dollars and con-

tract for execution were being forwarded but the uncontradicted evidence in the record shows that before these reached the defendant he had closed the sale of the property and had accepted the binder of another party which he was at liberty to do under the terms of his telegram as above quoted.

For these reasons the judgment below is reversed and a new trial awarded.

Reversed.

WHITFIELD AND BUFORD, J. J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion and judgment.